# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KIMBERLY BECK AND TRAVIS LORENTZ,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVES OF CHARLES "GAGE"
LORENTZ, DECEASED,

        Plaintiffs,

        v.                        No. CV 20-1280 GBW-SMV

UNITED STATES OF AMERICA, and,
ROBERT JOHN MITCHELL, INDIVIUALLY
AND IN HIS OFFICIAL CAPACITY AS A
NATIONAL PARK RANGER,

        Defendants.

## ANSWER OF ROBERT J. MITCHELL
## <u>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY</u>

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Robert John Mitchell,
individually and in his official capacity, and through the undersigned counsel, hereby
respectfully submits this Answer to Plaintiffs' Complaint (Doc. 1).

## <u>INTRODUCTION</u>

The allegations contained within the unnumbered introductory paragraphs of Plaintiffs'
Complaint at pages 1-3 constitute Plaintiffs' characterization of this case, to which no response is
required. To the extent an answer is required, Defendant Mitchell denies these allegations.

Defendant Mitchell answers the specific allegations contained within the numbered
paragraphs of Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 of Plaintiffs' Complaint contains Plaintiffs' jurisdictional statement for which no response from Defendant Mitchell is necessary.    To the extent an answer is required, it is denied.

2.      Paragraph 2 of Plaintiffs' Complaint contains Plaintiffs' venue statement for which no response from Defendant Mitchell is necessary.    To the extent an answer is required, it is admitted.

3.      Defendant Mitchell lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4.      Defendant Mitchell lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5.      Defendant Mitchell lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

## PARTIES

6.      For his answer to paragraph 6 of Plaintiffs' Complaint, Defendant Mitchell admits that Kimberly Beck and Travis Lorentz were appointed personal representatives of the Estate of Charles Gage Lorentz.    Defendant Mitchell denies the remaining allegations contained in paragraph 6 for lack of information sufficient to admit or deny the allegations.

7.      Defendant Mitchell admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      Defendant Mitchell admits the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.      Paragraph 9 of Plaintiffs' Complaint identifies the Plaintiffs' stated cause of action against Defendant Mitchell for which no response from Defendant Mitchell is necessary. To the extent an answer is required, it is denied.

10.     Paragraph 10 of Plaintiffs' Complaint identifies the Plaintiffs' stated cause of action against the United States of America for which no response from Defendant Mitchell is necessary.   To the extent an answer is required, it is denied.

## FACTUAL ALLEGATIONS

11.     Defendant Mitchell lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12.     Defendant Mitchell admits that the incident that gives rise to the instant action began with Charles "Gage" Lorentz's (hereinafter identified as "Mr. Lorentz") driving his vehicle onto National Park Service ("NPS") land in the Rattlesnake Springs area in southeast New Mexico.   Defendant Mitchell lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13.     Defendant Mitchell admits the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendant Mitchell admits the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     For his answer to paragraph 15 of Plaintiffs' Complaint, Defendant Mitchell admits that he observed Mr. Lorentz hit an NPS roadside sign with his vehicle and then proceed to a turnaround loop at the end of the road, where he stopped.   Defendant Mitchell denies that Mr. Lorentz drove "around" Defendant Mitchell or his vehicle.

3

16.     Defendant Mitchell admits the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Defendant Mitchell admits the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     Defendant Mitchell denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     Defendant Mitchell denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     In response to paragraph 20 of Plaintiffs' Complaint, Defendant Mitchell admits that he is approximately five-foot-eight and weighs approximately 235 pounds.

21.     Defendant Mitchell lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 21 of Plaintiffs' Complaint, and therefore denies the same. Paragraph 21 states different height and weight than what is contained in the incident police report.

22.      Defendant Mitchell admits only that Mr. Lorentz's hands were empty. Defendant Mitchell denies the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint. Defendant Mitchell further answers that the allegations contained within this paragraph constitute a characterization of a video, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations. Defendant Mitchell further denies that a single screen capture can accurately depict a person's "posture" in an episode such as the incident that forms the basis of this litigation.

23.     Paragraph 23 contains Plaintiffs' characterization of time as "brief," an undefined and relative term.    To the extent a response is required from Defendant Mitchell, paragraph 23 is denied.

24.     In paragraph 24 of Plaintiffs' Complaint, Plaintiffs appear to be referencing a statement made by Defendant Mitchell, which speaks for itself.    To the extent the allegations are inconsistent with the statement, Defendant Mitchell denies the allegations.

25.     Defendant Mitchell admits the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendant Mitchell admits the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant Mitchell admits that at the time apparently referenced in paragraph 27, Mr. Lorentz remained standing in his location, did not reach for any weapon or move toward Defendant Mitchell.    Defendant Mitchell denies the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendant Mitchell admits he instructed Mr. Lorentz to take his hands out of his pockets before tasing him.    Defendant Mitchell denies the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.      The allegations contained within paragraph 29 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

30.      The allegations contained within paragraph 30 of Plaintiffs' Complaint appear to constitute a characterization of a video, which speaks for itself and is the best evidence of

its contents.    To the extent the allegations are inconsistent with the video, Defendant

Mitchell denies the allegations.

31.    The allegations contained within paragraph 31 of Plaintiffs' Complaint

constitute a characterization of a video, which speaks for itself and is the best evidence of its

contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell

denies the allegations.

32.    For his answer to paragraph 32 of Plaintiffs' Complaint, Defendant Mitchell

admits that he attempted to tase Mr. Lorentz within minutes after the two began speaking on the

body-worn camera footage, but denies that that they had been speaking for less than two minutes

before initiating his Taser.    Defendant Mitchell further answers that the he and Mr. Lorentz

began speaking before the camera initiated its operations.

33.    Defendant Mitchell admits that he did not call for assistance before attempting to

tase Mr. Lorentz to gain his compliance.    Defendant Mitchell denies the remaining allegations

contained in paragraph 33 of Plaintiffs' Complaint.

34.    Paragraph 34 of Plaintiffs' Complaint states an opinion about the nature of the

encounter between Mr. Lorentz and Defendant Mitchell for which no response from Defendant

Mitchell is required.    To the extent a response is required, it is denied.

35.    Paragraph 35 of Plaintiffs' Complaint states an allegation about the alleged

content of law enforcement training at the Department of Justice for which no response from

Defendant Mitchell is required.    To the extent a response is required, it is denied.

36.    Defendant Mitchell denies the allegations contained in paragraph 36 of Plaintiffs'

Complaint.

37.     Defendant Mitchell denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     The allegations contained within paragraph 38 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.    Defendant Mitchell further denies that a single screen capture can accurately depict a person's "posture and demeanor" in an episode such as the incident that forms the basis of this litigation.

39.     Defendant Mitchell denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.    Defendant Mitchell suspected a possible D.U.I. driver, but also had reason to believe that Mr. Lorentz was fleeing from someone or some event.    Defendant Mitchell attempted to ascertain more information from the suspect, but Mr. Lorentz refused to cooperate.

40.     Defendant Mitchell denies paragraph 40 of Plaintiffs' Complaint on the basis that it is vague.    Defendant Mitchell admits that Mr. Lorentz generally remained stationary before he first attempted to tase Mr. Lorentz.

41.     Defendant Mitchell denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant Mitchell denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Paragraph 43 of Plaintiffs' Complaint states a legal opinion for which no response from Defendant Mitchell is required.    To the extent a response is required, paragraph 43 is denied.

44.     Defendant Mitchell admit that the body-worn camera stopped functioning. According to analysis by the camera's manufacturer in a report dated April 13, 2020, the camera experienced a loss of communication and "crash detection" that the manufacturer postulated was associated with the physical impacts that resulted from Mr. Lorentz's attack on Defendant Mitchell.    Plaintiffs were privy to this report at the time of their filing of the Complaint. Defendant Mitchell denies the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendant Mitchell admits the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendant Mitchell denies that the NPS ranger vehicle was "equipped" with a dashboard camera.    Components of a dashboard camera system previously used by the NPS, but cancelled due to cost and data-management concerns, remained in place in his vehicle because the camera parts were difficult to remove without damaging the dashboard. Thus, the dashboard camera remained in the vehicle but was not operational, as it had no power source and no recording drive.    Defendant Mitchell denies the remaining allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     For his answer to paragraph 47 of Plaintiffs' Complaint, Defendant Mitchell admits that he attempted a close-range tasing technique called a "drive-stun" after the first taser deployment was ineffective.    Plaintiffs appear to be quoting a statement made by Defendant Mitchell, which speaks for itself.    To the extent the allegations are inconsistent with the statement, Defendant Mitchell denies the allegations.

48.     Paragraph 48 of Plaintiffs' Complaint states a legal opinion and conclusion of law for which no response from Defendant Mitchell is required.    To the extent a response is required, paragraph 48 is denied.

49.     Defendant Mitchell denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.    According to the report from the camera's manufacturer, 25 seconds are missing.

50.     The allegations contained within paragraph 50 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

51.     The allegations contained within paragraph 51 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

52.     The allegations contained within paragraph 52 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

53.     The allegations contained within paragraph 53 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

54.     The allegations contained within paragraph 54 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its

contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

55.    For his answer to paragraph 55 of Plaintiffs' Complaint, Defendant Mitchell avers that the video is the best evidence of its contents and what it depicts.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

56.    The allegations contained within paragraph 56 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

57.    The allegations contained within paragraph 57 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

58.    In paragraph 58 of Plaintiffs' Complaint, Plaintiffs appear to be referencing a statement made by Defendant Mitchell, which speaks for itself.    To the extent the allegations are inconsistent with the statement, Defendant Mitchell denies the allegations.

59.    Defendant Mitchell admits the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.    Defendant Mitchell admits paragraph 60 of Plaintiffs' Complaint and further answers that he went immediately to his service vehicle to report shots fired and to request an ambulance.

61.    The allegations contained within paragraph 61 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its

contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

62.      For his answer to paragraph 62 of Plaintiffs' Complaint, Defendant Mitchell admits that witnesses approached him and spoke to him as he regained his composure standing next to his vehicle and near Mr. Lorentz.    The additional allegations contained within this paragraph constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

63.      The allegations contained within paragraph 63 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

64.      Defendant Mitchell admits paragraph 64 of Plaintiffs' Complaint and further answers that he again radioed for an ambulance.

65.      Defendant Mitchell admits the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.      The allegations contained within paragraph 66 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

67.      The allegations contained within paragraph 67 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell

11

denies the allegations.

68.     For his answer to paragraph 68 of Plaintiffs' Complaint, Defendant Mitchell admits that he searched Mr. Lorentz's vehicle after he determined that his safety and the security of the scene required that he confirm that Mr. Lorentz's vehicle had no additional occupants or dangerous items within it.

69.     The allegations contained within paragraph 69 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.   To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

70.     Paragraph 70 of Plaintiffs' Complaint states an opinion for which an answer is not required from Defendant Mitchell.   To the extent an answer is required, it is denied.

71.     The allegations contained within paragraph 71 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.   To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

72.     Defendant Mitchell admits the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     The allegations contained within paragraph 73 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.   To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

74.     The allegations contained within paragraph 74 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its

contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

75.    For his answer to paragraph 75 of Plaintiffs' Complaint, Defendant Mitchell admits that he spoke to Eddy County Sheriff's Deputies upon their arrival at the scene. Defendant Mitchell further answers that the allegations contained within this paragraph constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

76.    Defendant Mitchell denies the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.    Defendant Mitchell admits that he was a former EMT and did not initiate cardio-pulmonary resuscitation.    Defendant Mitchell denies the remaining allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.    The allegations contained within paragraph 78 of Plaintiffs' Complaint constitute a characterization of a video, which speaks for itself and is the best evidence of its contents.    To the extent the allegations are inconsistent with the video, Defendant Mitchell denies the allegations.

## FIRST CAUSE OF ACTION (DEFENDANT MITCHELL)

79.    Paragraph 79 of Plaintiffs' Complaint contains a statement to incorporate all previous paragraphs, for which no response Defendant Mitchell is required.    Defendant Mitchell incorporates all previous responses.

80.    Paragraph 80 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

13

81.     Paragraph 81 of Plaintiffs' Complaint and all subparts state a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

82.     Paragraph 82 of Plaintiffs' Complaint and all subparts state a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

83.     Paragraph 83 of Plaintiffs' Complaint and all subparts state a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

84.     Paragraph 84 of Plaintiffs' Complaint and all subparts state a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

85.     Paragraph 85 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

86.     Paragraph 86 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

87.     Paragraph 87 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

88.     Paragraph 88 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

89.     Paragraph 89 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

90.     Paragraph 90 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

91.     Paragraph 91 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

92.     Paragraph 92 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

93.     Paragraph 93 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

94.     Paragraph 94 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

95.     Paragraph 95 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

96.     Paragraph 96 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

97.     Paragraph 97 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

98.     Paragraph 98 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

99.     Paragraph 99 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

100.    Paragraph 100 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

101.    Paragraph 101 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

## SECOND CAUSE OF ACTION (DEFENDANT MITCHELL)

102.    Paragraph 102 of Plaintiffs' Complaint contains a statement to incorporate all previous paragraphs, for which no response from Defendant Mitchell is required.    Defendant Mitchell incorporates all previous responses.

103.    Paragraph 103 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

104.    Paragraph 104 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

105.    Paragraph 105 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

106.    Paragraph 106 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

107.    Paragraph 107 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

108.     Paragraph 108 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.   To the extent a response is required, it is denied.

109.     Paragraph 109 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.   To the extent a response is required, it is denied.

110.     Paragraph 110 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.   To the extent a response is required, it is denied.

111.     Paragraph 111 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.   To the extent a response is required, it is denied.

112.     Paragraph 112 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.   To the extent a response is required, it is denied.

113.     Paragraph 113 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action that Plaintiffs have dismissed, and therefore no response from Defendant Mitchell is required.   To the extent a response is required, it is denied.

## THIRD CAUSE OF ACTION (DEFENDANT UNITED STATES)

114.     Paragraph 114 of Plaintiffs' Complaint contains a statement to incorporate all previous paragraphs, for which no response from Defendant Mitchell is required.   Defendant Mitchell incorporates all previous responses.

115.     Paragraph 115 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

116.     Paragraph 116 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

117.     Paragraph 117 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

118.     Paragraph 118 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

119.     Paragraph 119 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

120.     Paragraph 120 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

121.     Paragraph 121 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

122.    Paragraph 122 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

123.    Paragraph 123 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

124.    Paragraph 124 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

## FOURTH CAUSE OF ACTION (DEFENDANT UNITED STATES)

125.    Paragraph 125 of Plaintiffs' Complaint contains a statement to incorporate all previous paragraphs, for which no response from Defendant Mitchell is required.    Defendant Mitchell incorporates all previous responses.

126.    Paragraph 126 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

127.    Paragraph 127 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

128.    Paragraph 128 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

129.    Paragraph 129 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

130.    Paragraph 130 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

131.    Paragraph 131 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

132.    Paragraph 132 of Plaintiffs' Complaint purportedly supports Plaintiffs' cause of action against the United States for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

## DAMAGES AND PRAYER FOR RELIEF

133.    Paragraph 133 of Plaintiffs' Complaint states a legal conclusion for which no response from Defendant Mitchell is required.    To the extent a response is required, it is denied.

134.    Paragraph 134 of Plaintiffs' Complaint characterizes Plaintiffs' action for damages for which no response from Defendant Mitchell.    To the extent a response is required, it is denied.

Defendant Mitchell further denies Plaintiffs' prayer for relief, any unnumbered allegations, any allegations not specifically denied, and Plaintiffs' jury demand.

Defendant Mitchell raises and states the following affirmative defenses:

## FIRST DEFENSE

Plaintiffs' recovery is subject to the FTCA's judgment bar. *See* 28 U.S.C. § 2676.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## THIRD DEFENSE

Plaintiffs fail to state claims upon which relief can be granted under the law.

## FOURTH DEFENSE

Defendant Mitchell is entitled to qualified immunity.

## FIFTH DEFENSE

Defendant Mitchell acted in self-defense or in defense of others in the incidents alleged in the Plaintiffs' Complaint.

## SIXTH DEFENSE

Recovery on certain of Plaintiffs' claims is barred by the doctrine of comparative negligence. *See* NMSA 1978 § 41-3A-1 (2016 Repl. Pamp.).

## SEVENTH DEFENSE

The Federal Tort Claims Act provides the exclusive remedy for damages against a federal official for any state law torts occurring within the scope of his federal employment. 28 U.S.C. § 2679(b).

Defendant Mitchell reserves the right to raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the record subsequent to the close of discovery in this action.

WHEREFORE, Defendant Mitchell requests the Court to dismiss Plaintiffs' Complaint with prejudice and grants such all such further relief as the Court deems just and proper.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Roberto D. Ortega 4/21/21*
ROBERTO D. ORTEGA
CHRISTINE LYMAN
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 346-7274
Fax: (505) 346-7205
Roberto.ortega@usdoj.gov
Christine.lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, I filed the foregoing pleading electronically through the CM/ECF system which caused the parties or counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Roberto D. Ortega 4/21/21*
ROBERTO D. ORTEGA
Assistant United States Attorney