IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIMBERLY BECK AND TRAVIS LORENTZ,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVES OF CHARLES "GAGE"
LORENTZ, DECEASED,

      Plaintiffs,

      v.                                                   No. CV 20-1280 MV-SMV

UNITED STATES OF AMERICA, and,
ROBERT JOHN MITCHELL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A
NATIONAL PARK RANGER,

      Defendants.

**DEFENDANT ROBERT JOHN MITCHELL'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Robert John Mitchell hereby answers Plaintiffs' First Set of Requests for Production of Documents as follows.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION No. 1**:

Please produce copies of all documents in your possession which relate to Defendant Robert J. Mitchell's mental health medical care from 2011 to present to include any psychological screening examinations or tests to demonstrate fitness for duty as a National Park Ranger before and after his shooting of the decedent Charles "Gage" Lorentz. Please sign the enclosed mental health care release form enclosed.

**RESPONSE:**

Defendant Mitchell objects to the request for "all documents in your possession which relate to Defendant Robert J. Mitchell's mental health care from 2011 to present" as overly broad, unduly burdensome, and disproportionate to the needs of the case. Furthermore, Defendant

Exhibit A

Mitchell objects to providing any mental healthcare records reflecting confidential communications made to any licensed psychiatrist, psychologist, or social worker pursuant to the psychotherapist-patient privilege recognized under federal law. *See, e.g.*, *Dorato v. Smith*, 163 F. Supp. 3d 837, 877 (D.N.M. 2015).

Subject to and not waiving the foregoing objections, Defendant Mitchell responds that he does not possess any documents relating to his mental health care from 2011 to the present. As an initial matter, Defendant Mitchell has not undergone any mandated "psychological screening examinations or tests to demonstrate fitness for duty as a National Park Ranger before or after the shooting" at issue in this matter. Secondly, after the incident alleged in the Complaint, Defendant Mitchell did seek voluntary mental healthcare counseling with a licensed social worker. Defendant Mitchell had a reasonable expectation that his communications with the provider would remain confidential because the treatment was not mandated by his employer and the records were not provided to his employer or any third party. Furthermore, Defendant Mitchell has not put his mental health at issue in this case. Accordingly, Defendant Mitchell has not waived the privilege and will not execute a release for this provider. *See id*. at 886-87 ("Psychological records or information generated for [the defendant law enforcement officer's] sole benefit, without any indication that they would be shared with a third party, remain privileged."). Please see the attached privilege log.

**REQUEST FOR PRODUCTION No. 2**:

Please produce copies of all previous depositions given by Robert J. Mitchell. To include any correspondence, emails, or text messages regarding Mr. Mitchell's depositions and where and when and by whom they were taken. Also include the entire contents of any of Mr. Mitchell's

Exhibit A