IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KIMBERLY BECK**
**and TRAVIS LORENTZ,**

    **Plaintiffs,**

v.                                                                         No. 20-cv-1280 MV/SMV

**UNITED STATES OF AMERICA**
**and ROBERT JOHN MITCHELL,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before me on "Defendant United States' Motion for Protective Order Regarding Plaintiff's Rule 30(B)(6) Deposition Notice" ("Motion for Protective Order"), filed on July 14, 2022. [Doc. 78]. Plaintiffs responded on August 5, 2022 [Doc. 81], and Defendant United States replied on August 19, 2022. [Doc. 85]. A telephonic hearing was held on November 1, 2022. [Docs. 99, 105]. Having considered the parties' submissions, oral argument, and the relevant law, and for the reasons stated on the record, I will grant the Motion for Protective Order in part and deny it in part as follows:

- Topic 1 is denied (Defendant must respond) as to the following: "What head of a Federal Law Enforcement Agency (LEAs) trained National Park Service Ranger Robert J. Mitchell in standard officer safety police/law enforcement practices on how to conduct a proper and safe vehicle pullover." Topic 1 is granted (Defendant is protected from responding) as to the following: "and to what extent did each entity or individual control the conduct and

activities of law enforcement officers and park rangers working with the Carlsbad National Park on March 21, 2020?";

- Topic 2 is denied (Defendant must respond) as to the following: "Please provide a copy of the NPS's Use-of-Force Standard and any amendments to comply with the Executive Order 14074 and the policy issued by the DOJ on May 20, 2020." Topic 2 is granted (Defendant is protected from responding) as to the following: "Please explain whether Defendant Ranger Mitchell's conduct comported with the NPS's Use of Force Standards or the DOJ's standard and obligations for the use of force issued on May 20, 2020.";

- Topic 3 is denied (Defendant must respond) as moot;

- Topic 4 is denied (Defendant must respond) as to the following: "Please produce a copy of any best practices for responding to persons in a mental health crisis. Did Ranger Mitchell have any training on responding to calls or interacting with persons in a mental health crisis and if so, identify what entity and/or individual(s) taught National Park Service Ranger Robert J. Mitchell to de-escalate and utilize proper defusing techniques throughout an incident with a subject like Mr. Charles Gage Lorentz." Topic 4 is granted (Defendant is protected from responding) as to the following: "and to what extent did each entity or individual instructor or chain of command control the conduct and activities of him and other law enforcement rangers in the national parks?";

- Topic 5 is granted (Defendant is protected from responding);

- Topic 6 is granted (Defendant is protected from responding);

- Topic 7 is denied (Defendant must respond) as to any training Ranger Mitchell received to remain in a position of cover and to request backup prior to taser deployment. In all other respects, Topic 7 is granted (Defendant is protected from responding);
- Topic 8 is granted (Defendant is protected from responding);
- Topic 9 is denied (Defendant must respond) as to the following: "Please identify the entity and/or individuals who trained National Park Service Ranger Robert J. Mitchell in the use of his ECD." Topic 9 is granted (Defendant is protected from responding) as to the following: "and to what extent did each entity or individual trainer or chain of command have control over the conduct and activities of National Park Service Ranger Robert J. Mitchell and of other national park rangers and law enforcement officers in the national parks?";
- Topic 10 is granted (Defendant is protected from responding);
- Topic 11 is granted (Defendant is protected from responding);
- Topic 12 is denied (Defendant must respond) as it relates to any manuals or documentation used to train Defendant Mitchell on ECD use. Topic 12 is granted (Defendant is protected from responding) in all other respects;
- Topic 13 is denied (Defendant must respond) as it relates to any manuals or documentation used to train Defendant Mitchell on ECD use. Topic 13 is granted (Defendant is protected from responding) in all other respects;
- Topic 14 is denied (Defendant must respond);
- Topic 15 is denied (Defendant must respond);
- Topic 16 is denied (Defendant must respond);

- Topic 17 is denied (Defendant must respond) as to the following: "Who or what entity taught National Park Service Ranger Robert J. Mitchell he should use physical force instead of trying to verbally de-escalate a situation." Topic 17 is granted (Defendant is protected from responding) as to the following: "and to what extent did each entity and/or individual trainer or chain of command have control over the conduct and activities of him and other law enforcement rangers in the national parks?";
- Topic 18 is granted (Defendant is protected from responding);
- Topic 19 is withdrawn;
- Topis 20 is withdrawn;
- Topic 21 is denied (Defendant must respond) as to the following: "What law enforcement ranger training or entity or individual trained Ranger Mitchell to unholster and point his firearm." Topic 21 is granted (Defendant is protected from responding) as to the following: "and to what extent did each entity or individual instructor or chain of command control the conduct and activities of National Park Service Ranger Robert J. Mitchell when he chose to unholster his firearm and point his firearm at Mr. Charles "Gage" Lorentz and why did the NPS ratify Ranger Mitchell's decision to draw his firearm?";
- Topic 22 is granted (Defendant is protected from responding);
- Topic 23 is granted (Defendant is protected from responding);
- Topic 24 is denied (Defendant must respond) as to the following: "Does the NPS provide any clear standards on providing emergency medical care after the use of deadly force on a suspect." Topic 24 is granted (Defendant is protected from responding) as to the following: "If so what is the standard and did Ranger Mitchell comply with the standard?

If he did not comply with any standard of rendering emergency medical care, then why did the NPS ratify his failure to provide medical care to the decent Charles "Gage" Lorentz?".

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Defendant United States' Motion for Protective Order [Doc. 78] be **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**