IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIMBERLY BECK and TRAVIS LORENTZ,
INDIVIDUALLY and as PERSONAL
REPRESENTATIVES of CHARLES "GAGE"
LORENTZ, DECEASED,

      Plaintiffs,

v.                                     No. 2:20-cv-01280-MV-JHR

UNITED STATES OF AMERICA and
ROBERT JOHN MITCHELL, INDIVIDUALLY
and in his OFFICIAL CAPACITY as a
NATIONAL PARK RANGER,

      Defendants.

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUEST A STATUS CONFERENCE AND A PRETRIAL SCHEDULING CONFERENCE FOR THE BENCH TRIAL

Plaintiffs respectfully request that the District Court exercise its discretion to set a status conference to facilitate resolution of pending motions. The United States government contends Plaintiffs' request is audacious. This is the same government that has made something of a habit of using deadly force and excessive force against citizens and exonerating officers after an inadequate or non-existent investigation. The United States is audacious in the breadth of its disregard for the United States Constitution. Plaintiffs' alleged audacity is to ask the District Court for a status conference at which the parties may be able to discuss the resolution of pending motions.

1

## ARGUMENT

Plaintiffs seek a Rule 16 case-management conference to streamline adjudication and trial preparation. Plaintiffs grounded their request in Rule 16's purposes, including setting dates for pretrial conferences and trial, considering the disposition of pending motions, and facilitating a just, speedy, and inexpensive disposition. Defendants contend the request is "premature," but they do not dispute that structured case management will ultimately be necessary in a bench-trial posture.

### I. A STATUS CONFERENCE IS APPROPRIATE NOW TO ADDRESS CASE STATUS, CLARIFY NEXT STEPS, AND REDUCE UNCERTAINTY.

Plaintiffs explained that prolonged indeterminacy is causing emotional duress and prejudice, including significant advanced litigation costs and the need to coordinate experts' availability and travel for a bench trial. A status conference can address the posture of the fully briefed dispositive motions, discuss targeted steps that can occur in parallel without prejudging those motions, and identify items that would streamline trial regardless of outcome. For instance, the parties and the Court may be able to discuss the possibility of referring one or more motions to a Magistrate Judge for a recommended disposition. *See*, Fed.R.Civ.Pro. 72. Naturally, such a referral would depend on how close the Court is to a decision on the dispositive motions.

Defendants' assertions regarding opposition and ripeness underscore, rather than negate, the value of Court-guided case management. Defendants assert that the matter is "not ripe" for a pretrial scheduling conference because dispositive motions by both sides remain pending, and they state they are not authorized to proceed further until decisions are known . Yet that position demonstrates that only the Court's guidance can break the impasse on preparatory steps that will be necessary for a bench trial if claims proceed. Defendants also dispute Plaintiffs' recital that "all

2

parties could benefit from a status conference," referring to counsel's January 8, 2026 email exchange attached to their Response . Regardless of counsel's position, a status conference is within the Court's discretion and would clarify expectations, reduce unnecessary disputes, and promote orderly preparation.

<b>CONCLUSION</b>

Plaintiffs respectfully request that the Court grant the Motion and:

a) Set a status conference at the Court's earliest convenience to address case posture, pending motions, and next-step sequencing;

b) Set a pretrial scheduling conference to enter a tailored order that includes contingent or milestone-based deadlines for pretrial disclosures, stipulations to streamline proof, motions in limine and Daubert schedules, and submissions tailored to a bench trial, including proposed findings of fact and conclusions of law; and

c) If the Court is disinclined to set a firm trial date now, establish conditional scheduling keyed to the forthcoming dispositive rulings to ensure a just, speedy, and efficient path to a bench trial.

Respectfully Submitted,

**THE KENNEDY LAW FIRM, P.C.**

*/s/ Joseph P. Kennedy*
Shannon L. Kennedy
Joseph P. Kennedy
P.O. Box 26776
Albuquerque, NM 87125-6776
P: 505-244-1400 | F: 505-244-1406
jpk@civilrightslaw.com
slk@civilrightslaw.com

3

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served upon all parties of record on the day of its filing via the Pacer electronic filing system.

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy

4