**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

KIMBERLY BECK AND TRAVIS LORENTZ,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVES OF CHARLES "GAGE"
LORENTZ, DECEASED

        Plaintiffs,

vs.                                                    No. 2:20-CV-1280 MV/JHR

UNITED STATES OF AMERICA, and
ROBERT JOHN MITCHELL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A
NATIONAL PARK RANGER

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant John Robert Mitchell's Motion for Judgment on the Pleadings [Doc. 106]. This Motion asks the Court to dismiss Count I of the Complaint pursuant to Federal Rule of Civil Procedure 12(c). Count I alleges that Defendant Mitchell violated Charles Lorentz's rights under the Fourth Amendment when he used excessive force against Mr. Lorentz, resulting in his death. *See* Doc. 1 at 10. Defendant Mitchell argues that there is no remedy under this claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and *Egbert v. Boule,* 596 U.S. 482 (2022). Plaintiffs filed a Response [Doc. 122] in which they concede that there is no remedy under *Bivens* and agree that the claim must be dismissed.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Leiser v. Moore,* 903 F.3d 1137, 1139 (10th Cir. 2018) ("We review a district court's grant of a motion for judgment

1

on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion."). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks and alteration omitted). Here, Defendant Mitchell argues, and Plaintiffs agree, that under *Bivens* and *Egbert,* Plaintiffs have no remedy against Defendant Mitchell for the Fourth Amendment violation and as a result, Claim I must be dismissed. The Court agrees.

Under 42 U.S.C. § 1983, plaintiffs may bring damages suits against state officials for constitutional violations, yet there is no analogous statute for federal officials. In *Bivens,* the Supreme Court "broke new ground by holding that a person claiming to be a victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernandez v. Mesa,* 589 U.S. 93, 99 (2020). The Court then extended *Bivens* to apply to two additional constitutional claims, namely a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman,* 442 U.S. 228 (1979), and a federal prisoner's Eighth Amendment claim for inadequate medical care, *see Carlson v. Green,* 446 U.S. 14 (1980). The Supreme Court has been clear that "[t]hese three cases—*Bivens, Davis,* and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi,* 582 U.S. 120, 131 (2017). "[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi,* 582 U.S. at 121 (quoting *Ashcroft v. Iqbal,* 556 U.S. 661, 675 (2009)); *see also Silva v. United States,* 45 F.4th 1134, 1140 (10th Cir. 2022) (expanding *Bivens* "is not just a disfavored judicial activity, . . . it is an action that is impermissible in virtually all circumstances"). Indeed, the Supreme Court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations." *Egbert,* 596 U.S. at 483.

2

In the instant case, Plaintiffs' Complaint asks the Court to devise a *Bivens* remedy in a new context, namely a shooting by a park ranger. Where a plaintiff asks the Court to devise a *Bivens* remedy, the Court must ask whether there are any "special factors" that provide "reason to pause before applying *Bivens* in a new context or to a new class of defendants." *Hernandez,* 589 U.S. at 102. One such special factor is the existence of alternative remedial structures. *Egbert,* 596 U.S. at 493 ("If there are alternative remedial structures in place, that alone . . . is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action."). The existence of the Federal Tort Claims Act ("FTCA"), which allows claims for certain intentional torts arising "out of the acts or omissions of investigative or law enforcement officers of the United States," 28 U.S.C. § 2680(h), provides an alternative remedy for Plaintiffs, who in fact have brought two FTCA claims in their Complaint. Following the Supreme Court's holding that expansion of *Bivens* is a disfavored judicial activity, the existence of an alternative remedial structure militates in favor of finding that the Court cannot extend *Bivens* to the new context presented here. Because the Court cannot create a judicially fashioned remedy for Plaintiffs, the Complaint does not state a claim for relief against Defendant Mitchell. Accordingly, the Court must grant his Motion for Judgment on the Pleadings under Rule 12(c), which, as noted above, is unopposed.

## CONCLUSION

As there is no remedy available to Plaintiffs against Defendant Mitchell, the Court must grant his Motion for Judgment on the Pleadings and dismiss Count I of the Complaint. Plaintiffs have already voluntarily dismissed Count II of the Complaint. Doc. 14. There are therefore no counts remaining against Defendant Mitchell. However, Defendants Mitchell and the United States filed a joint Motion for Summary Judgment [Doc. 107]. The Court finds that Defendants' Motion for Summary Judgment is moot with respect to the claims against Defendant Mitchell. The Court

will address the United States' Motion for Summary Judgment regarding Counts III and IV of the Complaint in a separate ruling. Plaintiffs have also filed a Motion for Summary Judgment against both Defendants Mitchell and the United States. Doc. 110. That Motion is also partially moot to the extent that it relates to Defendant Mitchell's liability.

**IT IS THEREFORE ORDERED** that the Motion for Judgment on the pleadings [Doc. 106] is **GRANTED**, as follows: Claim I of the Complaint is dismissed, and Defendant Mitchell is dismissed from this action.

ENTERED this 27th day of March 2026.

_____
MARTHA VAZQUEZ
Senior United States District Judge