**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KIMBERLY BECK, *et al.*,

Plaintiffs,

v. No. 2:20-cv-01280-MV-JHR

UNITED STATES OF AMERICA,

Defendant.

**ORDER**

This matter is before the Court due to a discovery dispute described in Section VIII.A. of the Pretrial Order filed on October 9, 2026. [*See* Doc. 179 at 14]. Plaintiffs submitted an oral argument brief on October 21, 2026. [Doc. 181]. Defendant submitted an oral argument brief on November 05, 2026. [Doc. 184]. I heard oral arguments via Zoom on November 12, 2026. [*See* Clerk's Minutes, Doc. 185]. Having considered the parties' briefs and oral arguments, the Court concludes that the dispute is ripe for resolution. The Court DENIES Defendant's oral motion to reopen discovery to permit depositions of Plaintiffs' expert witnesses. However, the Court ORDERS the parties to supplement their expert reports as appropriate.

## I. PROCEDURAL BACKGROUND

On December 10, 2020, Plaintiffs filed a complaint against the United States of America and Robert John Mitchell, individually and in his official capacity as a National Park Ranger.[1] [Doc. 1]. The Complaint asserted four causes of action: (1) a Fourth Amendment claim against Defendant Mitchell for unreasonable seizure and excessive force, (2) Fourth and Fifth Amendment claims against Defendant Mitchell for failure to render medical aid, (3) claims against the United

[1] For clarity, the Court refers to Defendants in the plural when discussing events that occurred before March 27, 2026, when Defendant Mitchell was terminated as a party. [Doc. 157]. References to Defendant in the singular thereafter refer to the United States.

States for battery and false imprisonment, and (4) a negligence claim against the United States. [*Id.*].

On April 7, 2021, the parties stipulated to dismissal of the second cause of action. [Doc. 14]. On March 27, 2026, the Court dismissed the first cause of action and terminated Defendant Robert John Mitchell as a party in this suit. [Doc. 157]. On July 01, 2026, the Court dismissed the false imprisonment claim included in the third cause of action. [Doc. 162]. Accordingly, the only remaining claims are battery under the third cause of action and negligence under the fourth cause of action, both against the United States. Expert testimony therefore remains relevant to the reasonableness of Ranger Mitchell's actions, but no constitutional claims remain for trial.

The present dispute concerns whether Defendant may now depose Plaintiffs' expert witnesses, nearly six years after the Complaint was filed, in preparation for a bench trial scheduled for May 3, 2027. [Docs. 184 at 1; 178 at 1].

The original scheduling order, Doc. 32, established deadlines for expert disclosures and reports and completion of discovery. The parties jointly moved to extend those deadlines four times, citing difficulties obtaining evidence, scheduling conflicts, the COVID-19 pandemic, travel by Plaintiffs' counsel, and the busy trial schedule of Defendant's counsel. [*See* Docs. 41, 47, 51, 56]. The parties ultimately represented that they had "stipulated to taking experts' depositions outside of the new discovery deadline, which is proposed to be extended from June 3, until June 28, 2022, due to the number of experts that still need to be deposed." [Doc. 56 at 3]. The Court granted the requested extension. The operative scheduling order set June 28, 2022, as the discovery deadline and July 8, 2022, as Defendants' deadline to disclose its experts and provide expert reports. [Doc. 57].

On August 26, 2022, two days before the dispositive motions deadline, Defendants filed an opposed motion to extend that deadline to October 27, 2022. [Doc. 89 at 1]. Defendants explained, "[d]espite the parties' diligent efforts to schedule all remaining depositions, they have not been able to schedule the depositions of Plaintiffs and experts." [*Id.*]. Defendants further explained:

> Plaintiffs disclosed their remaining experts and reports on June 3, 2022. Defendants disclosed their experts and corresponding reports on July 8, 2022. Plaintiffs and Defendants stipulated to taking experts' depositions outside of the discovery deadline, *see* Doc. 57, due to the number of experts that still need to be deposed. Such deposition testimony may be germane to dispositive motions to be filed by the parties.

[*Id*. at 2 (citations omitted)].

Defendants add that "[d]espite Defendants' continued accommodation of Plaintiff's counsel's schedule, Plaintiffs oppose the request that the pretrial motions deadline be extended to allow the parties to complete their remaining depositions before filing any pretrial motions." [*Id.* at 3]. In its reply, Defendants submitted an email from Plaintiffs' counsel indicating that counsel would be unavailable for Rule 30(b)(6) depositions, Plaintiffs' depositions, and expert depositions until September or October 2022. [Doc. 94-1]. Defendants offered the email to demonstrate that Plaintiffs' counsel's schedule contributed to the delay.

The Court granted Defendants' request to extend the dispositive motions deadline. [Doc. 97]. On October 27, 2022, Defendants filed three dispositive motions, and Plaintiffs filed one. [Docs. 106, 107, 109, 110]. The Court resolved the last two dispositive motions on July 1, 2026. [Docs. 162, 163].

On August 21, 2026, the parties submitted a proposed pretrial order that, for the first time, brought the present dispute to the Court's attention. Both parties represented that they had "agreed

to forgo the expense of expert depositions pending the Court's ruling on pretrial motions." [Doc. 171 at 14]. However, Plaintiffs now oppose Defendant's request to proceed with those depositions.

Plaintiffs contend that the parties contemplated completing expert depositions within the months following the June 28, 2022, discovery deadline, as reflected in contemporaneous emails—not four years later. [Doc. 181 at 1–3]. Plaintiffs further argue that Defendant must now demonstrate good cause to reopen discovery. [*Id.* at 5–7].

The Court understands Plaintiffs' argument to be that the parties agreed to defer the expense of expert depositions until the Court ruled on the dispositive motions, with the expectation that those rulings might narrow the scope and expense of expert discovery. For example, the Court might dismiss a defendant or eliminate certain claims, as it did here by dismissing Defendant Mitchell and the constitutional claims. However, as time passed without a deadline in place, Defendant should have recognized the need to discuss a new deadline with Plaintiffs or seek the Court's leave to reopen discovery.

Defendant responds that the parties agreed in 2022 to defer expert depositions until the Court resolved the dispositive motions. Because the Court recently resolved those motions, Defendant contends that its request to depose Plaintiffs' experts is timely and consistent with the parties' agreement. [Doc. 184 at 2]. Defendant states that it "did not expect this change of mind by opposing counsel and fully anticipated their full cooperation." [*Id.* at 5]. Defendant therefore asks the Court to enforce the parties' prior agreement or, alternatively, find good cause to reopen discovery based on Defendant's good faith understanding of the agreement, the lack of prejudice to Plaintiffs, and Defendant's efforts to pursue the depositions after the dispositive motions were resolved. [*Id.* at 4–5].

Having considered the parties' arguments, including their additional explanations at oral argument, the Court turns to the factors set forth in *Smith v. United States*.

## II. LEGAL STANDARDS

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause under Rule 16, the moving party must show that the "scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). If the relevant deadline passed before the motion was filed, the movant must also demonstrate that the neglect to meet the deadline was excusable. Fed. R. Civ. P. 6(b)(1)(B).

> Good cause requires a greater showing than excusable neglect. The two standards, although interrelated, are not identical. Excusable neglect requires some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.… Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017) (citations and quotation marks omitted).

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In *Smith*, the Tenth Circuit outlined several factors courts should consider in deciding whether to reopen discovery, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*

## III. ANALYSIS

No separate Rule 16 "good cause" analysis is required here because the *Smith* factors are dispositive as to how good cause applies in motions to reopen discovery. *See Anderson Living Trust v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 440–41 & n. 17 (D.N.M. 2015). Courts have generally not treated a need for expert deposition as being significantly different from other reasons for reopening discovery. *Marandola v. Pueblo Suzuki, Inc.,* No. 20-CV-02113-CNS-KAS, 2023 WL 9232961 (D. Colo. Oct. 25, 2023) (applying *Smith* factors and concluding the factors weighed in favor of reopening discovery to allow the deposition of one of plaintiff's experts); *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.,* 429 F. Supp. 3d 996 (D.N.M. 2019) (applying *Smith* factors and concluding "the factors that the Tenth Circuit has prescribed for considering whether to reopen discovery counsel against allowing [plaintiff] to take the depositions at this time.").

Applying the six *Smith* factors, the Court concludes that they weigh against reopening discovery.

*1.) The first factor weighs slightly in Defendant's favor.*

The first factor weighs slightly in Defendant's favor because trial was not imminent when the dispute arose.

The parties first identified the dispute in their proposed pretrial order filed August 21, 2026. [Doc. 171]. At that time, the Court had not yet set a trial date. The Court did not schedule the bench trial for May 3, 2027, until October 9, 2026. [Doc. 178]. Thus, when the dispute first arose, the parties likely had not yet begun to "solidify" their trial preparations, such as arranging witness travel, determining how to present the available evidence, or coordinating attorney and paralegal schedules. *See Anderson Living Tr.*, 308 F.R.D. at 441.

However, the timing of the requested depositions remains a concern. At oral argument, Defendant stated that the parties would likely be able to depose the experts in January 2027, given the upcoming holiday season.[2] Plaintiffs responded that scheduling difficulties of the nationally renowned experts could push those depositions into February. If so, briefing on any resulting *Daubert* motions would not be completed until shortly before trial. The extant deadline for filing *Daubert* challenges expired in 2022, leaving uncertainty as to whether and how to consider those challenges. [*See* Doc. 178-1 at 2].

Accordingly, although trial was not imminent when the dispute arose, reopening discovery could generate additional litigation shortly before trial and potentially threaten the trial date. Fortunately for Defendant, the matter is set for bench trial, allowing the presiding judge options to defer admissibility decisions to the trial. On balance, this factor weighs slightly in Defendant's favor.

*2.) <u>The second factor weighs in Plaintiffs' favor.</u>*

Plaintiffs expressly oppose Defendant's request to reopen discovery. This factor therefore weighs in Plaintiffs' favor.

The Court acknowledges that both parties agree they previously stipulated to taking expert depositions outside the discovery period and deferring the associated expense until the Court resolved the dispositive motions. Now, however, Plaintiffs oppose reopening discovery.

*3.) <u>The third factor weighs in Defendant's favor.</u>*

Plaintiffs identify two primary concerns regarding prejudice: the delay in resolving a case that has already been pending for nearly six years and the additional expense of preparing for and attending the requested depositions.

---

[2] The Court notes Defendant is seeking to depose "two of Plaintiffs' expert witnesses". [Doc. 184 at 1]. However, it is unclear which two experts and if Defendant would ultimately seek to depose all of Plaintiffs' experts.

The Court agrees that further delay would prejudice Plaintiffs. This case has been pending since December 2020, and the parties are preparing for trial in May 2027. Any additional discovery must not interfere with that trial date.

The additional expense, however, does not establish substantial prejudice. Plaintiffs must present their case at trial and bear the ordinary costs associated with doing so. The fact that Plaintiffs may now incur expenses they previously expected to incur in 2022 does not, standing alone, establish undue prejudice.

Accordingly, if the depositions can be completed without affecting the trial date, the Court sees little prejudice to Plaintiffs from allowing them. This factor weighs in Defendant's favor.

*4.) The fourth factor weighs heavily in Plaintiffs' favor.*

Other courts within the Tenth Circuit have held that the 'good cause' standard primarily considers the diligence of the party. The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (internal quotation marks omitted) (omission in original).

Defendant argues that it diligently pursued the depositions after the Court resolved the dispositive motions and that Plaintiffs' opposition is the only reason the depositions have not occurred. [Doc. 184 at 3–4]. However, the fourth *Smith* factor does not measure diligence against the timeframe the parties contemplated in their informal agreement. Rather, it asks whether Defendant diligently pursued discovery "within the guidelines established by the court." *Smith*, 834 F.2d at 169.

This distinction is important because "[a]pplication of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders." *Lucero v. Olivas*, No. CV 14-393

KG/KK, 2015 WL 13650072, at *2 (D.N.M. Nov. 20, 2015) (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)). As the *O'Connell* court explained, scheduling orders cannot be treated as "a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *Id.*

The record does not demonstrate that Defendant made any effort to schedule expert depositions within the Court-ordered discovery period or within a reasonable time thereafter.

The operative scheduling order set June 28, 2022, as the discovery deadline and allowed Defendant until July 8, 2022, to disclose its experts and provide expert reports. [Doc. 57 at 2]. Although the parties contemplated taking expert depositions outside the discovery period, the scheduling order did not authorize them to leave expert discovery open indefinitely or until dispositive motions were resolved.

The docket reflects only that Defendant understood expert depositions remained outstanding and needed to be completed within a reasonable time after the close of discovery. Indeed, in August 2022, Defendant filed an opposed motion seeking to extend the dispositive motions deadline so the parties could complete the remaining depositions before filing their motions. [Doc. 89 at 1–3]. In response, Plaintiffs pointed out that:

> To date, from the close of discovery on June 28, 2022, Defendants have failed to ask for a single day outside of the discovery deadline to set the depositions of either of the Plaintiffs nor any of the parties' experts and now ask only that the dispositive motion deadline be extended until October 27, 2022, without any plan to complete necessary discovery.

[Doc. 92 at 10].

In reply, Defendant stated that it had scheduled Plaintiffs' depositions for September 27, 2022, but identified no efforts to schedule expert depositions. [Doc. 94 at 1]. Defendant also did not identify any discussions with Plaintiffs about deferring them. [*See generally* Doc. 94].

The docket does not reflect diligent efforts to depose experts "within the guidelines established by the court." Accordingly, this factor weighs heavily in Plaintiffs' favor.

*5.) The fifth factor weighs heavily in Plaintiffs' favor.*

The fifth factor asks whether Defendant could have reasonably foreseen the need for additional discovery outside the Court's deadlines. The answer is plainly yes.

Both parties acknowledge that, sometime in 2022, they agreed to defer expert depositions until the Court resolved the dispositive motions. That agreement apparently arose after Defendant acknowledged that expert depositions could be relevant to the parties' dispositive motions but before the parties ultimately decided to defer the depositions to save time and expense prior to filing the dispositive motions. Regardless of when the parties reached that agreement, the need for additional discovery was foreseeable. The parties knew they would not complete expert depositions within the Court-ordered discovery period or within a reasonable time after Defendant's deadline to disclose its experts and provide expert reports. Nevertheless, they elected to defer the depositions without obtaining an order extending or reopening discovery.

The parties' four joint requests to extend the original scheduling deadlines further demonstrate that the need for additional time was foreseeable. Throughout discovery, the parties repeatedly identified difficulties obtaining evidence, scheduling depositions, and completing expert discovery. [*See* Docs. 41, 47, 51, 56]. The parties ultimately acknowledged that numerous expert depositions remained and specifically requested additional time because of the number of experts who still needed to be deposed. [Doc. 56 at 3]. The need for expert depositions therefore was neither new nor unexpected. The parties knew those depositions remained outstanding well before the discovery deadline expired.

If the parties believed that completing the depositions after the dispositive motions were resolved would conserve resources, they could have presented that proposal to the Court and requested an appropriate extension. Instead, they reached an agreement outside the Court's knowledge and without establishing a deadline for completing the depositions.

Defendant's position would effectively allow the parties to modify the Court's scheduling order through an informal agreement and leave discovery open indefinitely. The parties could not do so without the Court's approval.

Even had the Court resolved the dispositive motions immediately upon filing in October 2022, the expert depositions would have occurred outside the deadlines established in the scheduling order. The parties' agreement to defer the depositions did not eliminate the need to seek the Court's approval to reopen discovery.

Because the need for additional expert discovery was foreseeable and could have been addressed through a timely request to the Court, this factor weighs heavily in Plaintiffs' favor.

*6.) The sixth factor weighs slightly in Defendant's favor.*

The sixth factor weighs slightly in Defendant's favor because expert depositions could provide relevant information before trial.

At oral argument, Defendant repeatedly emphasized its interest in knowing what Plaintiffs' experts intend to say at trial. The Court recognizes the strategic value of deposing opposing experts before trial. However, that interest does not always require reopening discovery.

As Plaintiffs suggested, the Court can mitigate the potential prejudice by requiring the parties to supplement their expert reports where appropriate. The experts may then testify at trial, subject to cross-examination, and their testimony will be limited to the opinions and disclosures contained in their reports, as supplemented. This approach provides Defendant with an opportunity

to review the experts' opinions before trial while avoiding the need to reopen discovery for depositions.

While deferring cross-examination of experts until trial presents challenges for counsel, those are mitigated in this instance by the absence of a jury. The presiding judge will be able to manage the presentation of expert testimony to best assist finding the facts without the concern of exposing jurors to inadmissible evidence.

The "relevant information" that may be lost is whatever may be said by expert witnesses that would require additional preparation for rebuttal testimony. That concern can be addressed by requiring pretrial supplementation of expert reports and then circumscribing trial testimony within that revealed scope, subject to the discretion of the trial judge to meet needs that arise.

Accordingly, although the requested depositions could lead to relevant information, the availability of a less burdensome alternative limits the weight of this factor. It weighs only slightly in Defendant's favor.

## IV. CONCLUSION

The *Smith* factors, considered together, weigh against reopening discovery. Although the timing of trial, potential prejudice, and relevance of the requested discovery favor Defendant to varying degrees, Defendant failed to diligently pursue expert depositions within the Court's scheduling deadlines. More importantly, the need for those depositions was foreseeable, and the parties chose to defer them without obtaining the Court's approval. Their failure to do so ultimately led to the present dispute.

The parties' informal agreement did not modify the scheduling order or authorize expert discovery to remain open indefinitely. Defendant has therefore failed to establish good cause to

reopen discovery. The trail judge, moreover, retains considerable discretion to consider admissible evidence in aid of fact-finding notwithstanding the absence of deposition testimony.

THEREFORE, IT IS ORDERED that Defendant's oral motion to reopen discovery to permit depositions of Plaintiffs' expert witnesses is DENIED.

IT IS FURTHER ORDERED that the parties shall supplement their expert reports by **January 28, 2027**, where appropriate, to ensure that the opinions and bases for those opinions are adequately disclosed before trial.

HON. JERRY H. RITTER
United States Magistrate Judge